# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
May 11, 2022

Lyle W. Cayce
Clerk

No. 20-61243
Summary Calendar

Sindia Jhojana Ocampo Villalobos;
Wendy Tatiana Ocampo Villalobos,

*Petitioners*,

*versus*

Merrick Garland, *U.S. Attorney General*,

*Respondent*.

Petition for Review of an Order of
the Board of Immigration Appeals
BIA No. A 206 414 791
BIA No. A 206 414 792

Before Smith, Stewart, and Graves, *Circuit Judges*.
Per Curiam:*

Sindia and Wendy Ocampo Villalobos petition for review of the decision of the Board of Immigration Appeals ("BIA") dismissing their appeal of the denial of their application for asylum and withholding of removal. The

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

immigration judge ("I.J.") determined that they were not eligible for that relief because, in part, their articulated particular social group ("PSG"), "Honduran family targeted by the gangs," was not cognizable. *See Jaco v. Garland*, 24 F.4th 395, 403 (5th Cir. 2021).   The I.J. reasoned that the PSG was too vague, given that "Honduran family" was not limited in any way and could include almost any family in Honduras and that "targeted by the gang[s]" could refer to many things, including extortion, physical abuse, or recruitment.  In addition, the I.J. found that there was insufficient evidence that the PSG was viewed by society as a socially distinct group.

The BIA agreed and adopted those reasons.  We may review the I.J.'s decision to the extent it had "some impact on the BIA's decision." *Wang v. Holder*, 569 F.3d 531, 536 (5th Cir. 2009).

The petitioners do not assert any error by the BIA or the I.J. in concluding that the articulated PSG was not cognizable.  They do brief whether there was a nexus between the alleged persecution and their membership in the PSG, but the BIA has "carefully distinguished" the PSG and nexus requirements.  *Jaco*, 24 F.4th at 403.

The failure to brief the adverse PSG determination abandons any challenge to it.  *See Soadjede v. Ashcroft*, 324 F.3d 830, 833 (5th Cir. 2003); *Brinkmann v. Dallas Cnty. Deputy Sheriff Abner*, 813 F.2d 744, 748 (5th Cir. 1987).  Because the determination precludes relief on asylum and withholding of removal, *see Orellana-Monson v. Holder*, 685 F.3d 511, 518 (5th Cir. 2012), we do not reach the contentions concerning credibility, past persecution, future persecution, and nexus.  *See INS v. Bagamasbad*, 429 U.S. 24, 25 (1976); *see also Cantu-Delgadillo v. Holder*, 584 F.3d 682, 690 (5th Cir. 2009).

The petition for review is DENIED.